IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PREVIN E. TAUER,

        Petitioner,

    vs.                            CIVIL ACTION
                                        No. 11-3126-SAC

JAMES HEIMGARDNER,

        Respondent.

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 by a prisoner in state custody. Petitioner proceeds pro se and submitted the filing fee.

**Background**

Petitioner was convicted in the District Court of Sedgwick County, Kansas, in 1994. He was sentenced to an upward departure term of 416 months. On direct appeal, the Kansas Court of Appeals (KCOA) affirmed his conviction but dismissed his claim concerning his sentence for lack of jurisdiction. Review was denied in September 1996, and it does not appear there was any action directed to petitioner's conviction or sentence until May 1, 2000, when he filed a state post-conviction action, Case No. 00 c 1373.

Relief was denied in petitioner's action under K.S.A. 60-1507 in February 2001. The KCOA affirmed that decision on November 30, 2001, and the Kansas Supreme Court denied review on March 20, 2002.

It appears that approximately three years later,[1] petitioner filed a motion to correct illegal sentence, which was summarily denied on February 11, 2005. The KCOA affirmed that decision on February 16, 2007; the Kansas Supreme Court denied review on June 21, 2007.

Finally, on November 2, 2007, petitioner filed a motion to file an appeal of his sentence out of time. The KCOA affirmed the denial of that motion, and the Kansas Supreme Court denied review on May 18, 2011.

Petitioner executed the present petition on June 21, 2011.

### Discussion

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which established a one-year limitation for the filing of a petition under § 2254. The limitation period is set out in 28 U.S.C. § 2244(d), which provides:

---

[1] In constructing this portion of the timeline, the court has relied, in part, on the briefing in petitioner's appeal from the denial of his motion to correct illegal sentence. A copy of the appellee's brief, 2006 WL 2381637, is attached.

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The limitation period also is subject to equitable tolling. Such tolling is available only in narrow circumstances "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

On the present record, it appears this matter was not filed within the limitation period. First, it appears that there was a period far in excess of one year between the time petitioner's direct appeal ended in late 1996[2] and 2000, when petitioner filed an action under K.S.A. 60-1507. Next, it appears that more than one year passed between the time review was denied in petitioner's action for relief under K.S.A. 60-1507 and the time petitioner filed a motion to correct illegal sentence. Under either scenario, the limitation period ran before petitioner filed the present action. Therefore, unless petitioner can demonstrate that the limitation period was tolled during these periods, either by a properly filed collateral action or by equitable tolling, this matter is subject to summary dismissal.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including September 2, 2011, to show cause why this matter should not be dismissed for the reasons set forth in this order. The failure to file a timely response may result in the dismissal of this action without additional prior notice.

A copy of this order shall be transmitted to the peti-

---

[2] The limitation period for filing a federal habeas corpus action ordinarily begins when the ninety-day period in which a party may seek review in the United States Supreme Court ends. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

tioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 2nd day of August, 2011.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge